Gerard R. Bosch (WBA #6-3220)
M. Alison Floyd (WBA #7-4825)
Law Offices of Jerry Bosch, LLC
P.O. Box 872
Wilson, Wyoming 83014
307.734.9778
307.734.9785 Facsimile
jerry@wyo-law.com
alison@wyo-law.com

IN THE DISTRCIT COURT OF THE FIFTH JUDICIAL DISTRICT
PARK COUNTY, WYOMING

| | |
|---|---|
| Therese Dullmaier, as the Wrongful Death Representative of Karl-Heinz Phillip Dullmaeir,<br><br>Plaintiff,<br><br>v.<br><br>Xanterra Parks & Resorts, and John Does I-IV.<br><br>Defendants. | Civil Action No: 14CV181-J<br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES, Plaintiff by and through undersigned counsel, and for her causes of action against Defendants, states and alleges as follows:

### I. PARTIES

1. At all times material to this Complaint, Plaintiff was and is a resident of Gernsheim, Germany.

2. At all times material to this Complaint, the Decedent, Karl-Heinz Dullmaier was a resident of Gernsheim, Germany.

3. Plaintiff Therese Dullmaier is a United States citizen, born in Waukegan, Illinois.

4. Upon information and belief, at all times material to this Complaint, Defendant Xanterra Parks and Resorts, Inc. ("Xanterra") is a for-profit corporation registered in the State of Delaware.


EXHIBIT 1

5. Upon information and belief, at all times material to this Complaint, Xanterra's principal place of business is in Greenwood Village, Colorado.

6. Upon information and belief, at all times material to this Complaint, Defendants John Does I-IV are and were residents of the State of Wyoming.

## II. JURISDICTION AND VENUE

7. All of the averments set forth above are incorporated by reference as if set forth in this section in their entirety.

8. Plaintiff has been duly appointed as the Wrongful Death Representative for Karl-Heinz Dullmaier, pursuant to W.S. §1-38-101 et seq.

9. All of the events complained of herein occurred in Yellowstone National Park, Park County, Wyoming.

10. Defendants operate trail rides under a concession contract in Yellowstone National Park, Park County, Wyoming.

11. The amount in controversy is in excess of fifty thousand dollars ($50,000).

12. This Court has proper jurisdiction.

13. Pursuant to W.S. §1-5-109 venue for this action is in the District Court for the Fifth Judicial District, Park County, as the claims arose in this judicial district and the acts and omissions complained of occurred within this district.

14. This Court has proper venue.

## III. FACTS COMMON TO ALL CAUSES OF ACTION

15. All of the averments set forth above are incorporated by reference as if set forth in this section in their entirety.

16. Defendant Xanterra Parks and Resorts (Xanterra) is the nation's largest park-management company with operations throughout the country.

17. Xanterra operates a variety of concessions in Yellowstone National Park, located in the States of Wyoming and Montana.

18. Defendants operate a horseback trail ride from the Roosevelt Corrals ("horseback ride").

19. Defendants also operate a stage coach ride from the Roosevelt Corrals ("stagecoach ride").

20. On July 30, 2012, Therese Dullmaier and her daughter participate in the stage coach ride.

21. On July 30, 2012, Decedent participates in the horseback ride.

22. Karen Donohoo, a family friend, participates in horseback ride also.

23. Upon information and belief, the horses on the horseback ride are trained to follow each other.

24. During the horseback ride the lead horse spooks.

25. After the lead horse spooks, Decedent's horse proceeds at a full gallop.

26. Decedent is pulled as his horse gallops for approximately ½ mile.

27. After his horse gallops for ½ mile, Decedent falls from his horse.

28. He is unconscious.

29. Decedent is bleeding from the nose, mouth and ears.

30. The wranglers and/or guides are not adequately prepared to deal with the emergency.

31. Decedent is flown via a life-flight helicopter to the Billings Clinic, in Billings, Montana.

32. Decedent is unresponsive upon his arrival at the Billings Clinic.

33. He is diagnosed with a severe head injury, subarachnoid hemorrhage, subdural hematoma, maxillofacial fractures, right-sided chest injury, rib fracture, and small pneumothorax.

34. Karl-Heinz Dullmaier dies in the Intensive Care Unit at the Billings Clinic.

## IV. CAUSES OF ACTION

### COUNT I – NEGLIGENT MISREPRESENTATION

35. All of the averments set forth above are incorporated by reference as if set forth in this section in their entirety.

36. Defendants actively solicited and invited members of the general public to participate in their horseback rides, supervised and promoted by the same Defendants.

37. Upon information and belief, Defendants solicited and promoted their horseback rides through the internet, print, their employees and agents, and word of mouth.

38. Defendants should have known that members of the general public would rely on the information provided by Defendants in making a decision whether to participate in the horseback ride provided by Defendants.

39. Defendants should have known that Decedent would rely upon the knowledge, expertise, experience and discretion of Defendants to provide safe horses and other equipment and conduct the horseback ride in a manner that was safe.

40. Defendants have a pecuniary interest in the horseback rides they provide.

41. Therese and Karl-Heinz Dullmaier reasonably relied on the information provided by Defendants in making the decision to participate or not participate in the ride.

42. Specifically, they relied on Defendants' information that the horses were trail broke and guides were nearby prepared to help.

43. Defendants negligently made representations to the general public including Decedent.

44. Plaintiff suffered harms and losses as a direct result of these representations that were a direct result of Defendants' negligence.

45. The harms and losses suffered by Plaintiff are more specifically set forth in the section below entitled "Damages" which section is hereby incorporated by reference.

## COUNT II – NON DISCLOSURE

46. All of the averments set forth above are incorporated by reference as if set forth in this section in their entirety.

47. Defendants operate a business that includes guided horseback rides on lands owned by the United States pursuant to a Concessions Contract.

48. Defendants further enjoy a position of superior knowledge as to the risks, hazards and dangers associated with horseback riding.

49. Plaintiff, Decedent, their friends and other business invitees of the general public rely on Defendants to, among other things, inform them of the hazards, risks and dangers associated with horseback riding.

50. Defendants have a duty under Defendant Xanterra's Concession Contract to advise visitors of the risks, hazards and dangers associated with horseback riding.

51. Defendants failed to exercise reasonable care in insuring Decedent was aware of the risks, hazards and dangers associated with horseback riding.

52. Specifically, Defendants failed to disclose the risks, hazards and dangers associated with but not limited to the following:

   a) Having too few wranglers and guides; and

   b) Having a minor child on the lead horse; and

   c) The unpredictable behavior of a horse because of the above listed items; and

   d) Defendant otherwise failed to disclose risks, hazards and dangers.

53. Defendants further failed to disclose to Decedent that a possible result of the horseback ride from Roosevelt corrals was severe physical injury or death.

54. Defendants' failures in disclosing this material information was a breach of duty of due care to its business invitees, each of whom spend money for the expertise and knowledge of Defendants.

55. The harms and losses suffered by Plaintiff are more specifically set forth in the section labeled "Damages" which section is hereby incorporated by reference.

## COUNT III – NEGLIGENT SUPERVISION AND TRAINING

56. All of the averments set forth above are incorporated by reference as if set forth in this section in their entirety.

57. At all times material herein, Defendant's negligent supervision and training practices caused the horseback ride to be dangerous beyond what is inherent in a normal horseback ride, by providing untrained and unsupervised guides.

58. Decedent's fatal injuries and Plaintiff's resulting harms and losses are the direct and proximate result of the negligent training and supervising practices of Defendants which acts and omissions include, but are not limited to, the following:

   a) Defendants failed to supervise the horseback trip – specifically they allowed inexperienced and untrained employees to act as wranglers and/or guides on the ride;

   b) Defendants failed to train and supervise their guides and wranglers in the proper protocol regarding emergencies; and

   c) Defendants were otherwise negligent in the supervision and training of their wranglers and/or guides.

59. As a direct result of the negligent training and supervision by the Defendants, Plaintiff suffered harms and losses as more specifically set forth in the section below entitled "Damages" which section is hereby incorporated by reference.

## COUNT V - NEGLIGENCE

60. All of the averments set forth above are incorporated by reference as if set forth in this section in their entirety.

61. At the time and place of the events described herein, Defendants owe a duty of reasonable care to Decedent as a patron of Defendants, to avoid causing injury.

62. Defendants were paid specifically for the element of safety and experience advertised by Defendants who hold themselves out as experienced wranglers and/or guides for horseback rides.

63. At the time and place of the events described herein, Defendants owe a duty of reasonable care to Decedent to avoid exposing Decedent and others to risks that were atypical, uncharacteristic, not intrinsic to and not inherent in the Roosevelt horseback ride.

64. The risk of serious injury to Decedent created by the Defendants was outside the reasonably foreseeable or inherent risks of the Roosevelt horseback ride.

65. At all times material herein, Defendants' negligent acts and omissions expose Decedent to risks beyond what is inherent in a normal horseback ride associated with the Roosevelt horseback ride, by, among other things:

- Failing to select an appropriate horse for Decedent;
- Failing to supervise and train the guides and wranglers in charge of the horseback ride;
- Failure to advise Decedent of the risks, hazards and dangers associated with horseback riding;
- Failing to warn Decedent of known hazards, such as prohibited items;
- Failing to provide guides and wranglers capable of handling a medical emergency;
- Failure to warn Decedent of hazards of which Defendants had actual or constructive knowledge; and
- Defendants were otherwise negligent.

66. As a direct and proximate result of Defendants' negligent acts and/or omissions to act, Plaintiff suffered injury and damages as specifically set forth in this Complaint and incorporated herein.

## V. DAMAGES

67. All of the averments set forth above are incorporated by reference as if set forth in this section in their entirety.

68. As a direct and approximate result of Defendants' negligent breaches as aforesaid, Decedent sustained fatal injuries. Plaintiff has specifically incurred the following damages for which Defendants are liable:

- The amount of money Plaintiff has failed or will fail to receive from Decedent's earnings; and
- The loss of probable future companionship, society and comfort; and
- Economic expenses incurred including but not limited to funeral expenses and other proper charges; and
- Costs of this action and for other further relief as the court deems equitable and proper; and
- Plaintiff otherwise suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount to be proved at trial, but which exceeds the minimum jurisdictional amount of this Court and for the costs of this action and for such other relief as this Court deems equitable and proper.

Dated this 29 day of July, 2014.

M. Alison Floyd
Law Office of Jerry Bosch, LLC